**Ayalew Zelleke BIRU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73745.

Agency No. A75–615–317.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 25, 2004.

Ayalew Zelleke Biru, pro se, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Jacqueline Dryden, Rene L. Rocque, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Ayalew Zelleke Biru, a native and citizen of Ethiopia, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000) ("[T]he IJ's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record.").

Substantial evidence supports the IJ's determination that Biru did not establish eligibility for asylum based on past persecution or well-founded fear of persecution, because he did not provide "a specific, consistent, detailed story." No incident described by Biru satisfies the standard of past persecution, an "extreme concept" encompassing "the infliction of suffering or harm." *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (quotation marks and citation omitted).

Moreover, "a petition must be denied unless the evidence [is] so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000) (quotation marks and citation omitted). Substantial evidence supports the IJ's finding that Biru did not meet this burden.

By failing to qualify for asylum, Biru necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.